## Cook *against* Miller.

A witness is not incompetent to testify as to the character of another witness, because he has prejudices against him; and to reject the witness on this ground, is error.

ERROR to the common pleas of *Crawford* county.

George Cook against Alexander L. Miller.　Upon the trial of this cause, John Depue was called as a witness, by the plaintiff. Several witnesses were subsequently called to prove that his character was bad, and that he was unworthy of credit.　The defendant then called Doctor Philip Spencer, who, upon being called to the bar, said, "I think I ought not to be called upon to testify as to the character of Depue; I have had contests at law with him; I may have prejudices; I have known him for more than seven years; seven years since I came to the county; he lived here before I came."　Whereupon the court rejected the witness, as incompetent to testify, and, at the instance of defendant, sealed a bill of exceptions.

*Galbreath,* for plaintiff in error.

*Church,* contra, cited *Peters's C. C.* 322; 11 *Serg. & Rawle* 373; *Ibid.* 451.

PER CURIAM.—The exclusion of the witness on his own challenge, was manifestly wrong.　His testimony was not secondary to witnesses who knew the quality of the character to be impeached or sustained no better, though they may have been less susceptible of the influence of prejudice in regard to it.　It was the business of the jury to judge how far the prejudices of the witness might detract from his credibility, and to make the proper allowance; for on any other principle, a witness of inferior character would be incompetent, while another of superior character could be found.　But who is to judge of the relative degrees of character, if not the jury?　Witnesses were examined here to inform the jury of the very fact of character; and to permit the court to determine the degree of their relative credibility, would be a *petitio principii* that would subvert the very trial by jury.

Judgment reversed, and a *venire facias de novo* awarded.